IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| C.C.G., *et al.*, | * |
|     Petitioners, | * |
| vs. | *    CASE NOS.<br>7:25-cv-132-CDL-AGH (C.C.G.)<br>7:25-cv-149-CDL-AGH (J.S.L.H.) |
| WARDEN, IRWIN DETENTION CENTER, *et al.*, | * |
| | * |
|     Respondents. | * |

O R D E R

Petitioners are aliens who have not been admitted to the United States. Petitioners are presently detained at the Irwin Detention Center. Each Petitioner filed a petition for a writ of habeas corpus, asserting that Petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a). Respondents contend that Petitioners are detained under 8 U.S.C. § 1225(b)(2) and that their detention is mandatory, without an opportunity for a bond hearing. These actions involve common questions of law and fact, and therefore, the Court consolidates them pursuant to Federal Rule of Civil Procedure 42.

The issue presented in these consolidated cases is identical to the issue the Court decided in *J.A.M. v. Streeval*, No. 4:25-CV-342 (CDL), 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025). Based on the Court's rationale in *J.A.M.*, the Court grants each Petitioner's petition for a writ of habeas corpus to the extent that the Court

orders Respondents to provide each Petitioner with a bond hearing to determine if each Petitioner may be released on bond under § 1226(a)(2) and the applicable regulations.

IT IS SO ORDERED, this 14th day of November, 2025.

                                          S/Clay D. Land
                                          CLAY D. LAND
                                          U.S. DISTRICT COURT JUDGE
                                          MIDDLE DISTRICT OF GEORGIA